**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COLLEEN MCGARRY**, | ) |
| | ) **Case No.:** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| **JPMORGAN CHASE BANK, N.A.** | ) **FOR JURY TRIAL** |
| **D/B/A CHASE CARD SERVICES**, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COLLEEN MCGARRY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against JPMORGAN CHASE BANK, N.A. d/b/a CHASE CARD SERVICES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Clifton Heights, Pennsylvania 19018.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at P.O. Box 15153, Wilmington, Delaware 19886.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Defendant called Plaintiff on a repeated and continuous basis.

13. During this time, Defendant contacted Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automatic telephone dialing system as Defendant's calls began with a delay or pause before speaking to one of

Defendant's callers.

15. Plaintiff also received numerous automated voice messages from Defendant pertaining to the alleged balance owed on her credit card account.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Upon initial contact with Defendant, Plaintiff spoke to Defendant and instructed Defendant to stop calling her.

18. This was Plaintiff's method of revoking all prior consent to be contacted by Defendant on her cellular telephone.

19. Defendant heard and acknowledged Plaintiff's instruction to stop calling.

20. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

21. Rather than restricting its calls to Plaintiff's cell phone number, Defendant continued to call her repeatedly.

22. Plaintiff found Defendant's incessant calls to be distressing, disturbing, intrusive and harassing throughout this time period.

23. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE
# TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

26. Defendant's calls to Plaintiff were not made for "emergency purposes."

27. Defendant's calls to Plaintiff, in and after she revoked, were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, COLLEEN MCGARRY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, COLLEEN MCGARRY, demands a jury trial in this case.

                                          RESPECTFULLY SUBMITTED,

                                          KIMMEL & SILVERMAN, P.C.

DATED: 12/6/19

By: */s/ Amy L. Bennecoff Ginsburg*
AMY L. BENNECOFF GINSBURG
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com